**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| DAVID TATE, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer BLANTON and Warden ORR, | : | NO. 7:09-CV-132 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **DAVID TATE** filed this *pro se* prisoner 42 U.S.C. § 1983 civil rights action against Valdosta State Prison employees Officer Blanton and Warden Orr on October 19, 2009 in the Northern District of Georgia. On November 2, 2009, the Northern District transferred the case to this Court because venue was improper in the Northern District.

In an order dated November 5, 2009, this Court instructed plaintiff to submit a certified copy of his trust fund account statement. Plaintiff was expressly informed that if he failed to comply with the Court's directive within 20 days, his case would be dismissed. Because plaintiff failed to respond to the Court's November 5th order, the undersigned dismissed the present action without prejudice by order dated November 30, 2009.

On December 14, 2009, plaintiff belatedly filed his trust fund account statement (Tab # 9). Two days later, plaintiff filed what has been docketed as a Motion to Reconsider (Tab # 10). In his latest pleading, plaintiff states that he does not want his case dismissed and he appears to cite "staff" negligence as the reason his financial information was late.

The instant case has now been closed. Moreover, on December 4, 2009, the Court received another 42 U.S.C. § 1983 complaint form from plaintiff against defendants Blanton and Orr. ***Tate v. Orr***, 7:9-cv-142 (HL) ("***Tate II***"). Plaintiff makes the same allegations in ***Tate II*** that he made in the instant complaint (although he names two additional defendants in ***Tate II***). ***Tate II*** is still pending before this Court. Accordingly, the Court will not reopen the instant case, but will consider plaintiff's claims against Blanton and Orr in ***Tate II***.[1]

Accordingly, plaintiff's motion is **DENIED**.

**SO ORDERED**, this 16th day of December, 2009.

*s/   Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

[1] Even if the Court had timely received plaintiff's financial information in the instant case, the Court would have consolidated this case and ***Tate II*** to "avoid unnecessary cost and delay." *See* Federal Rule of Civil Procedure 42(a). The allegations against Blanton and Orr are nearly identical in both complaints, and thus there is no need for the complaints to proceed independently.